Before STATE INDUSTRIAL BOARD, Respondent. WILMER E. DONAT, Respondent, v. OWEN F. RYAN & SON and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the appellants were denied the opportunity of examining Dr. Haley; the court expressing no opinion as to the question of causal relationship. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. W. H. DARBY, Respondent, v. NEW YORK CANNERS, INC., and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, to compute the weekly wage under subdivision 3 of section 14 of the Workmen's Compensation Law, on the ground that claimant, at the time he was injured, was working in a seasonal occupation.    All concur.

Before STATE INDUSTRIAL BOARD, Respondent. NELLIE DORE, Respondent, v. REBECCA MAY STERN and Others, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JOHN DAY, Respondent, v. McCLINTIC-MARSHALL COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the New York State Industrial Board had no jurisdiction of the claim. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. THOMAS DUNN, Respondent, v. FREDERICK W. D. LUNDY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no proof to sustain the finding that the claimant suffered an injury to the skull which caused a concussion of the brain. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. A. DOMENICI, Respondent, v. JOHN T. STANLEY CO., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. CHARLES ECKHARDT, Respondent, v. GENERAL LINEN SUPPLY COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. HOWARD EDINGER, Respondent, v. ELMER TAYLOR, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.— Award reversed and claim dismissed as to the Hartford Accident and Indemnity Company, and matter remitted to the State Industrial Board as against the employer and Royal Indemnity Company, without costs. All concur.